# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN JEAN | : |
| | : No.: 4:20-cv-01772-MWB |
| vs. | : |
| | : |
| BUCKNELL UNIVERSITY; NATIONAL | : |
| FRATERNITY OF KAPPA DELTA RHO; | : **ANSWER TO AMENDED** |
| KAPPA DELTA RHO-IOTA CHAPTER; | : **COMPLAINT WITH** |
| WILLIAM C. BABCOCK; DILLON DUTTERA | : **AFFIRMATIVE DEFENSES AND** |
| and NICHOLAS ZANGHETTI | : **CROSSCLAIMS** |

## <u>DEFENDANT, NICHOLAS ZANGHETTI'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSSCLAIMS</u>

Defendant, Nicholas Zanghetti (hereinafter "Answering Defendant") by and through their attorneys, Bardsley, Benedict + Cholden, LLP hereby submits their Answer to Plaintiff's First Amended Complaint with Affirmative Defenses and Crossclaims.

### PARTIES

1.      Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

2.      Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

3.      Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

4.      Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

5.      Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

6.      Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

7.      Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

8.      Admitted.


## JURISDICTION AND VENUE

9.      Admitted.

10.     Admitted.

11.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

**FACTUAL BACKGROUND**

12.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

13.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

14.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

15.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

16.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

17.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

18.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

19.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

20.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

21.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

22.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

23.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

24.     Admitted in part. Denied in part. Answering Defendant admits only that the pledge members engaged in drinking game so named. Answering Defendant further admits the drinking game involved vodka. The remaining aspects of this averment are denied.

25.     Denied as stated.

26.     Denied as stated.

27.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

28.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

29.    Denied as stated.

30.    Denied as stated.

31.    Denied as stated.

32.    Denied as stated.

33.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

34.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

35.    Denied as stated.

36.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

37.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

38.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

39.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

40.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

41.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

42.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

43.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

44.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

45.     Denied. After reasonable investigation, Answering Defendant is without
        knowledge or information sufficient to form a belief as to the truth of this
        averment.

46.     Denied. After reasonable investigation, Answering Defendant is without
        knowledge or information sufficient to form a belief as to the truth of this
        averment.

47.     Denied. After reasonable investigation, Answering Defendant is without
        knowledge or information sufficient to form a belief as to the truth of this
        averment.

48.     Denied. After reasonable investigation, Answering Defendant is without
        knowledge or information sufficient to form a belief as to the truth of this
        averment.

49.     Denied. After reasonable investigation, Answering Defendant is without
        knowledge or information sufficient to form a belief as to the truth of this
        averment.

50.     Denied. After reasonable investigation, Answering Defendant is without
        knowledge or information sufficient to form a belief as to the truth of this
        averment.

51.     Denied. After reasonable investigation, Answering Defendant is without
        knowledge or information sufficient to form a belief as to the truth of this
        averment.

52.     Denied as stated.

53.     Denied as stated.

54.    Denied as stated.

55.    Denied as stated.

56.    Denied as stated.

57.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

58.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

59.    Admitted in part; denied in part. Answering Defendant admits he was interviewed by Natalie Brewster and texted about it afterwards. The remaining aspects of the averment are denied.

60.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

61.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

62.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

63.  Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

64.  Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

65.  (a – s.) Denied as stated. Answering Defendant specifically denies he was negligent and/or reckless and demands strict proof thereof.


## PLAINTIFF JOHN JEAN'S CLAIMS

### COUNT I - HAZING
### Plaintiff John Jean v. Bucknell University

66.  Answering Defendant hereby incorporates by references its answers to paragraphs 1-65 above.

67.  This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

68.  This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

69.  This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

70.  This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

71.  This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

72.     This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

73.     This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

74.     This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

75.     This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

76.     This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

77.     Denied as conclusions of law.

78.     Denied as conclusions of law.

79.     This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

80.     This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

WHEREFORE, Answering Defendant, Nicholas Zanghetti, respectfully requests this Honorable Court grant judgment in his favor and against Plaintiff together with all costs and fees this Court may deem appropriate.

## COUNT TWO: HAZING
### Plaintiff John Jean v. KDR National and Kappa Delta Rho, Iota Chapter

81.     Answering Defendant hereby incorporates by references its answers to paragraphs 1-80 above.

82.     This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

83.     This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

84.     This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

85.     This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

86.     This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

87.     This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

88.     This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

89.     Denied as conclusions of law.

90.     Denied as conclusions of law.

91.     This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

92.     This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

WHEREFORE, Answering Defendant, Nicholas Zanghetti, respectfully requests this Honorable Court grant judgment in his favor and against Plaintiff together with all costs and fees this Court may deem appropriate.

## COUNT THREE: HAZING
### Plaintiff John Jean v. William C. Babcock and Dillon Duttera

93.    Answering Defendant hereby incorporates by references its answers to paragraphs
       1-92 above.

94.    This averment is not directed to Answering Defendant, therefore, no answer is
       made or intended to be made.

95.    This averment is not directed to Answering Defendant, therefore, no answer is
       made or intended to be made.

96.    This averment is not directed to Answering Defendant, therefore, no answer is
       made or intended to be made.

97.    Denied as conclusions of law.

98.    This averment is not directed to Answering Defendant, therefore, no answer is
       made or intended to be made.

WHEREFORE, Answering Defendant, Nicholas Zanghetti, respectfully requests this

Honorable Court grant judgment in his favor and against Plaintiff together with all costs and fees

this Court may deem appropriate.

## COUNT FOUR: NEGLIGENCE
### Plaintiff John Jean v. Bucknell University

99.    Answering Defendant hereby incorporates by references its answers to paragraphs
       1-98 above.

100.   This averment is not directed to Answering Defendant, therefore, no answer is
       made or intended to be made.

101.   This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

102.   This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

103.   This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

104.   This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

105.   This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

106.   This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

107.   This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

108.   Denied as conclusions of law.

109.   Denied as conclusions of law.

110.   This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

111.   (a – g). This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

112.   This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

WHEREFORE, Answering Defendant, Nicholas Zanghetti, respectfully requests this Honorable Court grant judgment in his favor and against Plaintiff together with all costs and fees this Court may deem appropriate.

### COUNT FIVE: NEGLIGENCE
### Plaintiff John Jean v. KDR National and Kappa Delta Rho Iota Chapter

113. Answering Defendant hereby incorporates by references its answers to paragraphs 1-112 above.

114. This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

115. This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

116. This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

117. This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

118. This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

119. This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

120. This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

121. This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

122.    This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

123.    This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

124.    This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

125.    This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

126.    This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

127.    This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

128.    This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

129.    Denied as conclusions of law.

130.    Denied as conclusions of law.

131.    This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

132.    (a – h) This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

133.    This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

WHEREFORE, Answering Defendant, Nicholas Zanghetti, respectfully requests this Honorable Court grant judgment in his favor and against Plaintiff together with all costs and fees this Court may deem appropriate.

## COUNT SIX: NEGLIGENCE PER SE
### Plaintiff John Jean v. Defendants Bucknell University, National Fraternity of Kappa Delta Rho, Kappa Delta Rho, Iota Chapter, William C. Babcock, and Dillon Duttera

134.   Answering Defendant hereby incorporates by references its answers to paragraphs 1-133 above.

135.   This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

136.   Denied as conclusions of law.

137.   Denied as conclusions of law.

WHEREFORE, Answering Defendant, Nicholas Zanghetti, respectfully requests this Honorable Court grant judgment in his favor and against Plaintiff together with all costs and fees this Court may deem appropriate.

## COUNT SEVEN: ASSAULT AND BATTERY
### Plaintiff John Jean v. William C. Babcock, Dillon Duttera and Nicholas Zanghetti

138.   Answering Defendant hereby incorporates by references its answers to paragraphs 1-137 above.

139.   This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

140.   This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

141.   This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

142.   Denied as stated.

143.   This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

144.   Denied as stated.

WHEREFORE, Answering Defendant, Nicholas Zanghetti, respectfully requests this Honorable Court grant judgment in his favor and against Plaintiff together with all costs and fees this Court may deem appropriate.


**COUNT EIGHT: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**Plaintiff John Jean v. William C. Babcock, Dillon Duttera and Nicholas Zanghetti**

145.   Answering Defendant hereby incorporates by references its answers to paragraphs 1-144 above.

146.   This averment is not directed to Answering Defendant, therefore, no answer is made or intended to be made.

147.   Denied as stated. Answering Defendant specifically denies he acted negligently and recklessly.

148.   Denied as stated.

WHEREFORE, Answering Defendant, Nicholas Zanghetti, respectfully requests this Honorable Court grant judgment in his favor and against Plaintiff together with all costs and fees this Court may deem appropriate.

**COUNT NINE: FALSE IMPRISONMENT**
**Plaintiff John Jean v. KDR National, KDR Iota Chapter, William C. Babcock, Dillon
Duttera and Nicholas Zanghetti**

149.   Answering Defendant hereby incorporates by references its answers to paragraphs
       1-148 above.

150.   Denied as stated.

151.   Denied as stated.

152.   Denied as stated.

WHEREFORE, Answering Defendant, Nicholas Zanghetti, respectfully requests this

Honorable Court grant judgment in his favor and against Plaintiff together with all costs and fees

this Court may deem appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted

against Answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or reduced by the doctrine of assumption of risk.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

### FOURTH AFFIRMATIVE DEFENSE

The damages alleged by Plaintiff were proximately caused by individuals other than

Answering Defendant over which Answering Defendant had neither control nor right of control.

## FIFTH AFFIRMATIVE DEFENSE

Answering Defendant had no notice.


## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or reduced by the comparative negligence doctrine.

## SEVENTH AFFIRMATIVE DEFENSE

Answering Defendant owed no duty to Plaintiff.


## CROSSCLAIMS PURSUANT TO F.R.C.P. 13(g) AGAINST DEFENDANTS, BUCKNELL UNIVERSITY, NATIONAL FRATERNITY OF KAPPA DELTA RHO, KAPPA DELTA RHO, IOTA CHAPTER, WILLIAM C. BABCOCK, AND DILLON DUTTERA

1.      Answering Defendant Nicholas Zanghetti avers that if the incidents occurred as alleged in Plaintiff's Amended Complaint, which allegations are hereby expressly denied, then any injuries, damages and/or losses sustained by said parties were due solely, if at all, to the negligence and carelessness of Defendants, Bucknell University, National Fraternity of Kappa Delta Rho, Kappa Delta Rho, Iota Chapter, William C. Babcock, and Dillon Duttera, and were in no way due to the acts or omissions of Answering Defendant.

2.      Answering Defendant avers that in the event that any negligence or carelessness and/or any unlawful conduct on the part of Answering Defendant is hereby established at trial, which allegations are hereby expressly denied, then Defendants, Bucknell University, National Fraternity of Kappa Delta Rho, Kappa Delta Rho, Iota Chapter, William C. Babcock, and Dillon Duttera, are jointly and/or severally liable with the Answering Defendant to the Plaintiffs and/or liable over to Answering Defendant for indemnification and/or contribution.

WHEREFORE, Answering Defendant, Nicholas Zanghetti, respectfully requests this Honorable Court grant judgment in his favor, and against Defendants, Bucknell University, National Fraternity of Kappa Delta Rho, Kappa Delta Rho, Iota Chapter, William C. Babcock, and Dillon Duttera, together with costs, attorney's fees and other such relief as the Court deems appropriate.

Respectfully submitted,

**BARDSLEY, BENEDICT + CHOLDEN, LLP**

By:   *Andrew R. Benedict*
Andrew R. Benedict, Esquire

By:   *Sharon Piper*
Sharon Piper, Esquire

Bardsley Benedict + Cholden, LLP
Attorney Nos.:  87939/81714
1600 Market Street, Suite 1310
Philadelphia, PA  19103
P  (215) 977-4133
F  (267) 699-3833
abenedict@bbclawfirm.com
spiper@bbclawfirm.com

Date:  May 11, 2021