## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN JEAN | CIVIL ACTION |
| vs. | NO. 4:20-CV-01722-CCC |
| BUCKNELL UNIVERSITY and NATIONAL FRATERNITY OF KAPPA DELTA RHO and KAPPA DELTA RHO - IOTA CHAPTER and WILLIAM C. BABCOCK and DILLON DUTTERA and NICHOLAS ZANGHETTI | |

## ANSWER OF DEFENDANT, DILLON DUTTERA, TO PLAINTIFF'S FIRST AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSSCLAIMS

Defendant, Dillon Duttera, by his attorneys, Mintzer, Sarowitz, Zeris, Ledva & Meyers, LLP, hereby submits his Answer to Plaintiff's First Amended Complaint with Affirmative Defenses and Crossclaims and avers as follows:

### NATURE OF THE CASE

The averments set forth Plaintiff's First Amended Complaint under the heading "Nature of the Case" are denied.

### PARTIES

1.      After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph which are, therefore, denied.

2.      Admitted.

3.      The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendant, Bucknell University.  Therefore, no response is

required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

4.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph which are, therefore, denied.

5.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph which are, therefore, denied.

6.     Admitted.

7.     Admitted.

8.     Admitted.

## JURISDICTION AND VENUE

9.     Admitted.

10.     Admitted.

11.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph which are, therefore, denied.

## FACTUAL BACKGROUND

12.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph which are, therefore, denied.

13.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph which are, therefore, denied.

14.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph which are, therefore, denied.

15.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph which are, therefore, denied.

16.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph which are, therefore, denied.

17.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph which are, therefore, denied.

18.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph which are, therefore, denied.

19.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph which are, therefore, denied.

20.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph which are, therefore, denied.

21.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph which are, therefore, denied.

22.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph which are, therefore, denied.

23.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph which are, therefore, denied.

24.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph which are, therefore, denied.

25.     Denied.

26.     Denied.

27.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph which are, therefore, denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph which are, therefore, denied.

34.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph which are, therefore, denied.

35.     Denied.

36.     Denied.

37.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph which are, therefore, denied.

38.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph which are, therefore, denied.

39.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph which are, therefore, denied.

40.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph which are, therefore, denied.

41.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph which are, therefore, denied.

42.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph which are, therefore, denied.

43.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph which are, therefore, denied.

44.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph which are, therefore, denied.

45.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph which are, therefore, denied.

46.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph which are, therefore, denied.

47.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph which are, therefore, denied.

48.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph which are, therefore, denied.

49.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph which are, therefore, denied.

50.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph which are, therefore, denied.

51.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph which are, therefore, denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph which are, therefore, denied.

58.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph which are, therefore, denied.

59.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph which are, therefore, denied.

60.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph which are, therefore, denied.

61.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph which are, therefore, denied.

62.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph which are, therefore, denied.

63.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph which are, therefore, denied.

64.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph which are, therefore, denied.

65(a-s.)  As they are directed against answering defendant, Dillion Duttera, the allegations contained in this paragraph are conclusions of law to which the Pennsylvania Rules of Civil Procedure require no responsive pleading and are, therefore, denied.  By way of further answer, Answering Defendant denies that he was negligent or reckless at

any time material hereto or that he acted or failed to act in any manner so as to cause Plaintiff to have sustained any injuries or damages as alleged.

## PLAINTIFF JOHN JEAN'S CLAIMS

### COUNT ONE: HAZING
### Plaintiff John Jean v. Bucknell University

66.    Defendant hereby incorporates by reference his responses to paragraphs one (1) through sixty-five (65(a-s.)) inclusive of Plaintiff's First Amended Complaint, as fully as though the same were set forth at length herein.

67.    The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendant, Bucknell University.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

68.    The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendant, Bucknell University.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

69.    The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendant, Bucknell University.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

70.    The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendant, Bucknell University.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

71.     The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendant, Bucknell University.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

72.     The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendant, Bucknell University.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

73.     The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendant, Bucknell University.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

74.     The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendant, Bucknell University.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

75.     The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendant, Bucknell University.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

76.     The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendant, Bucknell University.  Therefore, no response is

required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

77.    The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendant, Bucknell University.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

78.    The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendant, Bucknell University.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

79.    The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendant, Bucknell University.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

80.    The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendant, Bucknell University.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

WHEREFORE, answering defendant, Dillon Duttera, denies that he is liable on Plaintiff's cause of action and demands judgment in his favor plus interest, attorney's fees and the costs of suit.

## COUNT TWO: HAZING
### Plaintiff John Jean v. KDR National and Kappa Delta Rho, Iota Chapter

81.     Defendant hereby incorporates by reference his responses to paragraphs one (1) through eighty (80) inclusive of Plaintiff's First Amended Complaint, as fully as though the same were set forth at length herein.

82.     The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendants, KDR National and Kappa Delta Rho, Iota Chapter.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

83.     The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendants, KDR National and Kappa Delta Rho, Iota Chapter.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

84.     The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendants, KDR National and Kappa Delta Rho, Iota Chapter.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

85.     The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendants, KDR National and Kappa Delta Rho, Iota Chapter.  Therefore, no response is required of Answering Defendant, thereto.  To the

extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

86.     The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendants, KDR National and Kappa Delta Rho, Iota Chapter.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

87.     The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendants, KDR National and Kappa Delta Rho, Iota Chapter.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

88.     The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendants, KDR National and Kappa Delta Rho, Iota Chapter.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

89.     The allegations contained in this paragraph are conclusions of law to which the Pennsylvania Rules of Civil Procedure require no responsive pleading and are, therefore, denied.

90.     The allegations contained in this paragraph are conclusions of law to which the Pennsylvania Rules of Civil Procedure require no responsive pleading and are, therefore, denied.

91.     The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendants, KDR National and Kappa Delta Rho, Iota Chapter.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

92.     The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendants, KDR National and Kappa Delta Rho, Iota Chapter.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

WHEREFORE, answering defendant, Dillon Duttera, denies that he is liable on Plaintiff's cause of action and demands judgment in his favor plus interest, attorney's fees and the costs of suit.

## COUNT THREE: HAZING
### Plaintiff John Jean v. William C. Babcock and Dillon Duttera

93.     Defendant hereby incorporates by reference his responses to paragraphs one (1) through ninety-two (92) inclusive of Plaintiff's First Amended Complaint, as fully as though the same were set forth at length herein.

94.     As they are directed against defendant, Dillon Duttera, the averments set forth in this paragraph of Plaintiff's First Amended Complaint are denied.  To the contrary, answering defendant, Dillon Duttera, denies that he engaged in any form of conduct including that which is referenced in this paragraph of Plaintiff's First Amended Complaint at any time material hereto.

95.     As they are directed against defendant, Dillon Duttera, the averments set forth in this paragraph of Plaintiff's First Amended Complaint are denied.  To the contrary, answering defendant, Dillon Duttera, denies that he engaged in any form of conduct including that which is referenced in this paragraph of Plaintiff's First Amended Complaint at any time material hereto.

96.     As they are directed against defendant, Dillon Duttera, the averments set forth in this paragraph of Plaintiff's First Amended Complaint are denied.  To the contrary, answering defendant, Dillon Duttera, denies that he engaged in any form of conduct including that which is referenced in this paragraph of Plaintiff's First Amended Complaint at any time material hereto.  Moreover, Answering Defendant denies that he acted in any manner so as to cause Plaintiff to sustain any injuries or damages as alleged.

97.     The allegations contained in this paragraph are conclusions of law to which the Pennsylvania Rules of Civil Procedure require no responsive pleading and are, therefore, denied.

98.     As they are directed against defendant, Dillon Duttera, the averments set forth in this paragraph of Plaintiff's First Amended Complaint are denied.  By way of further answer, Answering Defendant denies that he acted or failed to act in any manner so as to render him liable on Plaintiff's cause of action.

WHEREFORE, answering defendant, Dillon Duttera, denies that he is liable on Plaintiff's cause of action and demands judgment in his favor plus interest, attorney's fees and the costs of suit.

## COUNT FOUR: NEGLIGENCE
### Plaintiff John Jean v. Bucknell University

99.     Defendant hereby incorporates by reference his responses to paragraphs one (1) through ninety-eight (98) inclusive of Plaintiff's First Amended Complaint, as fully as though the same were set forth at length herein.

100.    The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendant, Bucknell University.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

101.    The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendant, Bucknell University.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

102.    The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendant, Bucknell University.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

103.    The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendant, Bucknell University.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

104.    The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendant, Bucknell University.  Therefore, no response is

required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

105.    The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendant, Bucknell University.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

106.    The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendant, Bucknell University.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

107.    The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendant, Bucknell University.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

108.    The allegations contained in this paragraph are conclusions of law to which the Pennsylvania Rules of Civil Procedure require no responsive pleading and are, therefore, denied.

109.    The allegations contained in this paragraph are conclusions of law to which the Pennsylvania Rules of Civil Procedure require no responsive pleading and are, therefore, denied.

110.    The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendant, Bucknell University.  Therefore, no response is

required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

111(a-g.)  The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendant, Bucknell University.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

112.    The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendant, Bucknell University.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

WHEREFORE, answering defendant, Dillon Duttera, denies that he is liable on Plaintiff's cause of action and demands judgment in his favor plus interest, attorney's fees and the costs of suit.

## COUNT FIVE: NEGLIGENCE
### Plaintiff John Jean v. KDR National and Kappa Delta Rho, Iota Chapter

113.    Defendant hereby incorporates by reference his responses to paragraphs one (1) through one hundred twelve (112) inclusive of Plaintiff's First Amended Complaint, as fully as though the same were set forth at length herein.

114.    The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendants, KDR National and Kappa Delta Rho, Iota Chapter.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

115.    The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendants, KDR National and Kappa Delta Rho, Iota Chapter.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

116.    The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendants, KDR National and Kappa Delta Rho, Iota Chapter.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

117.    The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendants, KDR National and Kappa Delta Rho, Iota Chapter.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

118.    The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendants, KDR National and Kappa Delta Rho, Iota Chapter.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

119.    The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendants, KDR National and Kappa Delta Rho, Iota Chapter.  Therefore, no response is required of Answering Defendant, thereto.  To the

extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

120.    The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendants, KDR National and Kappa Delta Rho, Iota Chapter.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

121.    The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendants, KDR National and Kappa Delta Rho, Iota Chapter.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

122.    The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendants, KDR National and Kappa Delta Rho, Iota Chapter.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

123.    The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendants, KDR National and Kappa Delta Rho, Iota Chapter.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

124.    The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendants, KDR National and Kappa Delta Rho, Iota Chapter.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

125.    The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendants, KDR National and Kappa Delta Rho, Iota Chapter.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

126.    The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendants, KDR National and Kappa Delta Rho, Iota Chapter.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

127.    The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendants, KDR National and Kappa Delta Rho, Iota Chapter.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

128.    The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendants, KDR National and Kappa Delta Rho, Iota Chapter.  Therefore, no response is required of Answering Defendant, thereto.  To the

extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

129.   The allegations contained in this paragraph are conclusions of law to which the Pennsylvania Rules of Civil Procedure require no responsive pleading and are, therefore, denied.

130.   The allegations contained in this paragraph are conclusions of law to which the Pennsylvania Rules of Civil Procedure require no responsive pleading and are, therefore, denied.

131.   The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendants, KDR National and Kappa Delta Rho, Iota Chapter.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

132(a-h.)  The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendants, KDR National and Kappa Delta Rho, Iota Chapter.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

133.   The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendants, KDR National and Kappa Delta Rho, Iota Chapter.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

WHEREFORE, answering defendant, Dillon Duttera, denies that he is liable on Plaintiff's cause of action and demands judgment in his favor plus interest, attorney's fees and the costs of suit.

## COUNT SIX: NEGLIGENCE PER SE
### Plaintiff John Jean v. Defendants Bucknell University, National Fraternity of Kappa Delta Rho, Kappa Delta Rho, Iota Chapter, William C. Babcock, and Dillon Duttera

134.    Defendant hereby incorporates by reference his responses to paragraphs one (1) through one hundred thirty-three (133) inclusive of Plaintiff's First Amended Complaint, as fully as though the same were set forth at length herein.

135.    As they are directed against answering defendant, Dillon Duttera, the allegations contained in this paragraph are conclusions of law to which the Pennsylvania Rules of Civil Procedure require no responsive pleading and are, therefore, denied.  By way of further answer, Answering Defendant denies that he acted in the manner more specifically set forth in this paragraph of Plaintiff's First Amended Complaint.

136.    The averments contained in this paragraph of Plaintiff's First Amended Complaint are directed against defendant, Bucknell University.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

137.    As they are directed against answering defendant, Dillon Duttera, the allegations contained in this paragraph are conclusions of law to which the Pennsylvania Rules of Civil Procedure require no responsive pleading and are, therefore, denied.  By way of further answer, Answering Defendant denies that he acted in the manner more specifically set forth in this paragraph of Plaintiff's First Amended Complaint.

WHEREFORE, answering defendant, Dillon Duttera, denies that he is liable on Plaintiff's cause of action and demands judgment in his favor plus interest, attorney's fees and the costs of suit.

## COUNT SEVEN: ASSAULT AND BATTERY
### Plaintiff John Jean v. William C. Babcock, Dillon Duttera and Nicholas Zanghetti

138.    Defendant hereby incorporates by reference his responses to paragraphs one (1) through one hundred thirty-seven (137) inclusive of Plaintiff's First Amended Complaint, as fully as though the same were set forth at length herein.

139.    As they are directed against defendant, Dillon Duttera, the averments set forth in this paragraph of Plaintiff's First Amended Complaint are denied.  By way of further answer, Answering Defendant denies that he acted in the manner more specifically described in this paragraph of Plaintiff's First Amended Complaint at any time material hereto.

140.    As they are directed against defendant, Dillon Duttera, the averments set forth in this paragraph of Plaintiff's First Amended Complaint are denied.  By way of further answer, Answering Defendant denies that he acted in the manner more specifically described in this paragraph of Plaintiff's First Amended Complaint at any time material hereto.

141.    As they are directed against defendant, Dillon Duttera, the averments set forth in this paragraph of Plaintiff's First Amended Complaint are denied.  By way of further answer, Answering Defendant denies that he acted in the manner more specifically described in this paragraph of Plaintiff's First Amended Complaint at any time material hereto.

142.     The averments contained in this paragraph of Plaintiff's Complaint are directed against defendant, Nicholas Zanghetti.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

143.     As they are directed against defendant, Dillon Duttera, the allegations contained in this paragraph are conclusions of law to which the Pennsylvania Rules of Civil Procedure require no responsive pleading and are, therefore, denied.  By way of further answer, Answering Defendant denies that he acted or failed to act in any manner so as to have caused Plaintiff to sustain any injuries or damage as alleged.

144.     The averments contained in this paragraph of Plaintiff's Complaint are directed against defendant, Nicholas Zanghetti.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

WHEREFORE, answering defendant, Dillon Duttera, denies that he is liable on Plaintiff's cause of action and demands judgment in his favor plus interest, attorney's fees and the costs of suit.

**COUNT EIGHT: NEGLGIENT INFLICTION OF EMOTIONAL DISTRESS**
**Plaintiff John Jean v. William C. Babcock, Dillon Duttera and Nicholas Zanghetti**

145.     Defendant hereby incorporates by reference his responses to paragraphs one (1) through one hundred forty-four (144) inclusive of Plaintiff's First Amended Complaint, as fully as though the same were set forth at length herein.

146.     As they are directed against defendant, Dillon Duttera, the allegations contained in this paragraph are conclusions of law to which the Pennsylvania Rules of Civil Procedure require no responsive pleading and are, therefore, denied.  By way of

further answer, Answering Defendant denies that he acted in a negligent or reckless manner at time material hereto or that he acted or failed to act in any manner so as to have caused Plaintiff to sustain any injuries or damages as alleged.

147.    The averments contained in this paragraph of Plaintiff's Complaint are directed against defendant, Nicholas Zanghetti.  Therefore, no response is required of Answering Defendant, thereto.  To the extent that said averments are deemed to be directed against Answering Defendant herein, said allegations are denied.

148.    As they are directed against defendant, Dillon Duttera, the averments set forth in this paragraph of Plaintiff's First Amended Complaint are denied.

WHEREFORE, answering defendant, Dillon Duttera, denies that he is liable on Plaintiff's cause of action and demands judgment in his favor plus interest, attorney's fees and the costs of suit.

## COUNT NINE: FALSE IMPRISONMENT
### Plaintiff John Jean v. KDR National, KDR Iota Chapter, William C. Babcock, Dillon Duttera and Nicholas Zanghetti

149.    Defendant hereby incorporates by reference his responses to paragraphs one (1) through one hundred forty-eight (148) inclusive of Plaintiff's First Amended Complaint, as fully as though the same were set forth at length herein.

150.    As they are directed against defendant, Dillon Duttera, the averments set forth in this paragraph of Plaintiff's First Amended Complaint are denied.

151.    As they are directed against defendant, Dillon Duttera, the averments set forth in this paragraph of Plaintiff's First Amended Complaint are denied.

152.    As they are directed against defendant, Dillon Duttera, the averments set forth in this paragraph of Plaintiff's First Amended Complaint are denied.

WHEREFORE, answering defendant, Dillon Duttera, denies that he is liable on Plaintiff's cause of action and demands judgment in his favor plus interest, attorney's fees and the costs of suit.

## AFFIRMATIVE DEFENSES DIRECTED TO PLAINTIFF

153.    Plaintiff's First Amended Complaint fails to state a claim against answering defendant, Dillon Duttera, upon which relief may be granted.

154.    If it is determined that Answering Defendant is liable on the Plaintiff's cause of action, answering defendant, Dillon Duttera, avers that the Plaintiff's recovery should be eliminated or reduced in accordance with the doctrine of comparative negligence.

155.    Answering Defendant further avers that by Plaintiff's actions at the date, time and place stated in the Plaintiff's Civil Action, Plaintiff did assume the risk of any and all injuries and/or damages which he alleges to have suffered, should the same be proven at the time or trial.

156.    If Plaintiff suffered any injuries or damages as alleged, those injuries or damages were caused by the conduct of individuals or entities over who/which Answering Defendant had no control.

157.    Answering defendant, Dillon Duttera, did not act or fail to act in any manner so as to cause Plaintiff to have sustained any injuries or damages as alleged, should same be proven at the time of trial.

158.    Plaintiff's claims are barred due to his failure to mitigate his damages.

159.    Plaintiff's claims are barred to the extent that Answering Defendant owed no duty to Plaintiff.

160.    Plaintiff's Complaints are barred due to the Doctrine of Intervening or Superseding Cause.

161.    Answering Defendant denies that he breached any form of duty that he may be deemed to have owed to Plaintiff at any time material hereto.

WHEREFORE, answering defendant, Dillon Duttera, denies that he is liable on Plaintiff's cause of action and demands judgment in his favor plus interest, attorney's fees and the costs of suit.

### CROSSCLAIMS OF DEFENDANT, DILLON DUTTERA, AGAINST DEFENDANTS, BUCKNELL UNIVERSITY, NATIONAL FRATERNITY OF KAPPA DELTA RHO, KAPPA DELTA RHO, IOTA CHAPTER, <u>WILLIAM C. BABCOCK and NICHOLAS ZANGHETTI</u>

1.    Answering defendant, Dillon Duttera, avers that if the averments set forth in Plaintiff's First Amended Complaint, as are directed against Bucknell University, National Fraternity of Kappa Delta Rho, Kappa Delta Rho, Iota Chapter, William C. Babcock and Nicholas Zanghetti are proven to be true, then the injuries and/or damages allegedly sustained by Plaintiff were caused solely by the negligence and carelessness of defendants, Bucknell University, National Fraternity of Kappa Delta Rho, Kappa Delta Rho, Iota Chapter, William C. Babcock and Nicholas Zanghetti.

2.    Answering defendant, Dillon Duttera, avers that in the event Answering Defendant is held liable on Plaintiff's cause of action, said liability being denied, then defendants, Bucknell University, National Fraternity of Kappa Delta Rho, Kappa Delta Rho, Iota Chapter, William C. Babcock and Nicholas Zanghetti, are jointly and/or severally liable, or liable over to Answering Defendant on Plaintiff's cause of action, or are liable to Answering Defendant for indemnification and/or contribution.

WHEREFORE, answering defendant, Dillon Duttera, denies that he is liable on Plaintiff's cause of action and avers that co-defendants, Bucknell University, National Fraternity of Kappa Delta Rho, Kappa Delta Rho, Iota Chapter, William C. Babcock and Nicholas Zanghetti, are solely liable, and/or jointly and severally liable, and/or liable over to Answering Defendant on Plaintiff's cause of action, or are liable to Answering Defendant by way of contribution and/or indemnity and demands judgment in his favor plus attorney's fees, interest and costs.

Respectfully Submitted,

**MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS, LLP**

BY: /s/ E. Laurence Kates
E. LAURENCE KATES, ESQUIRE
Attorney for defendant,
Dillon Duttera
Centre Square, West Tower
1500 Market Street, Suite 4100
Philadelphia, PA 19102
(215) 735-7200
**MSZL&M File No. 002340.000071**

**Dated:** 5/17/21

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN JEAN | CIVIL ACTION |
| vs. | NO. 4:20-CV-01722-CCC |
| BUCKNELL UNIVERSITY and NATIONAL FRATERNITY OF KAPPA DELTA RHO and KAPPA DELTA RHO - IOTA CHAPTER and WILLIAM C. BABCOCK and DILLON DUTTERA and NICHOLAS ZANGHETTI | |

**CERTIFICATE OF SERVICE**

I, **E. Laurence Kates, Esquire**, hereby certify that I caused to be served a copy of *Answer of defendant, Dillon Duttera, to Plaintiff's First Amended Complaint with Affirmative Defenses* to all parties and/or their counsel of record in this proceeding in accordance with the requirements of the Rules of Civil Procedure via the Court's Electronic Filing System on **May 17, 2021**.
Service upon:

Aaron Freiwald, Esquire
Laura E. Laughlin, Esquire
LAYSER & FREIWALD, P.C.
1500 Walnut Street, 18th Floor
Philadelphia, PA 19102

Adam Ryan Martin, Esquire
TROUTMAN PEPPER HAMILTON
SANDERS, LLP
100 Market Street, Suite 200
Harrisburg, PA 17101

Michael E. Baughman, Esquire
TROUTMAN PEPPER HAMILTON
SANDERS, LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA  19103

Harry T. Coleman, Esquire
Owen M. Coleman, Esquire
LAW OFFICE OF HARRY T.
COLEMAN, ESQUIRE
41 N. Main Street
3rd Floor, Suite 316
Carbondale, PA 18407

Andrew R. Benedict, Esquire
Sharon Piper, Esquire
BARDLSEY, BENEDICT + CHOLDEN, LLP
1600 Market Street, Suite 1310
Philadelphia, PA 19103

Gary L. Weber, Esquire
Jessica L. Harlow, Esquire
MITCHELL GALLAGHER, P.C.
10 West Third Street
Williamsport, PA 17701

**MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS, LLP**

BY: <u>/s/ E. Laurence Kates</u>
     E. LAURENCE KATES, ESQUIRE
     Attorney for defendant,
     Dillon Duttera
     Centre Square, West Tower
     1500 Market Street, Suite 4100
     Philadelphia, PA 19102
     (215) 735-7200
     **MSZL&M File No. 002340.000071**

**Dated:** 5/17/21